**UNITED STATES of America, Plaintiff,**

v.

**George Allen BLAIR, and Connie Blair, Defendants.**

**No. 97–CR–81440–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

July 16, 1998.

John Gorine, Assist. U.S. Attorney, Detroit, MI, for Plaintiff.

Milton R. Henry, Bloomfield Hills, MI, for Defendants.

## ORDER

DUGGAN, District Judge.

George Blair and Connie Blair have filed a motion to dismiss this cause based on the fact that the grand jury that indicted the defendants on December 7, 1997, was selected in a manner which violated the Jury Selection and Service Act of the United States, 28 U.S.C. § 1861 *et seq.,* as well as in violation of the Constitution. Defendants contend, therefore, that the indictments are invalid and the case against each defendant must be dismissed.

*George Allen Blair*

Defendant George Blair previously submitted a similar motion. On April 24, 1998, this Court denied defendant's motion to vacate

his conviction and to dismiss his indictment concluding that defendant's challenge to the selection of the grand jury was not timely. Defendant George Blair did not raise an objection to the selection of the grand jury that indicted him until after his trial and conviction. This Court, relying on Fed. R.Crim.P. 12(b)(2) ruled that any objection based on defects in the indictment must be raised prior to trial unless the defendant could establish "cause" for his failure to timely raise this issue. The Court concluded that because defendant could not establish "cause" for not timely raising the issue, he was not entitled to the relief he sought. In other words, the Court did not believe that defendant had a right to proceed to trial and wait until after his conviction to raise a challenge to the indictment for the first time.

■ In the motion presently before the Court, defendant contends that the government's argument that Mr. Blair cannot show "prejudice" because "Mr. Blair was black, and blacks had received preferential treatment in relation to the selection of Grand Jurors," (Df.'s Br. at 4), is without merit, citing *Campbell v. Louisiana*, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998). It is clear under *Campbell*, and cases that preceded it, that Mr. Blair did not lack standing to challenge a grand jury which may have discriminated against white persons simply because he is black. However, the fact that one has standing does not relieve him of the obligation to establish prejudice. The Sixth Circuit in *U.S. v. Ovalle*, 136 F.3d 1092 (6th Cir.1998), although decided before *Campbell*, addressed this issue as follows:

> Even assuming that cause could be shown, the Ovalles would still not be able to demonstrate actual prejudice. The Ovalles may be inclined to argue that no showing of prejudice is required based on the Supreme Court's holding in *Peters v. Kiff*, which indicates that prejudice is presumed when there is an allegation of racial discrimination in the grand jury composition. *See Peters*, 407 U.S. at 504, 92 S.Ct. at 2169 (plurality opinion). However, in *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Supreme Court held that "[t]he presumption of prejudice which supports the existence of the right is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner." On this basis, the Supreme Court upheld the district court's denial of the defendant's claims of discrimination in the selection of the grand jury that indicted him in violation of the Fifth Amendment based on the waiver provision of Rule 12(b)(2).

> We apply this same standard to the Ovalles' untimely claim. As mentioned above, at no time prior to trial did either of the Ovalles raise a claim that either the grand jury or the petit jury was selected in violation of the Constitution. Indeed, the Ovalles did not raise such a claim until the trial was completed and they began their direct appeal. Neither of the Ovalles ever made a showing of actual prejudice or other cause for not raising their constitutional challenges to the jury selection plan prior to the start of trial. Based on Federal Rules of Criminal Procedure 12(b)(2) and 12(f), we generally would decline to entertain the Ovalles' objections on appeal to the selection of the grand jury and the petit jury.

*Id.* 1107–1108. (citations omitted)(footnote omitted).

Thus it would appear, that although both defendants would have a right, i.e., standing to challenge the selection of a grand jury that discriminated against whites, nevertheless, for the purpose of determining whether or not defendants can avoid the restriction of Rule 12(b)(2), defendant Blair must show "actual prejudice."

■ George Blair also contends that because Connie Blair, his wife, did timely file objections to the indictment that, "Under *Ovalle*, the objection made by Mr. Blair to any continuation of proceedings under the same void indictment, must be honored." (Df.'s Br. at 4). Defendant George Blair misconstrues the holding in *Ovalle*. The Court granted relief to Ovalles, who did not file timely objections, because their codefendants did file objections prior to the com-

mencement of trial against any of the defendants.

> We emphasize that it is only because the Ovalles' codefendants Canales and Garcia raised a timely objection to the seating of the grand and petit juries that the Ovalles are permitted the benefit of this decision. Had Canales and Garcia not raised these objections prior to trial, all of the appellants would be barred from raising such an objection for the first time on appeal or in a collateral proceeding attacking their convictions since the objection would be waived by the failure to object prior to trial. *See* Fed.R.Crim.P. 12(b)(2).

*See Ovalle,* 136 F.3d at 1109.

In this case, although Connie Blair did in fact raise a "timely objection" with respect to her case, i.e., she raised the issue before the commencement of her trial, the issue was not raised prior to the commencement of the trial involving George Blair.[1]

In effect, defendant George Blair is again presenting the same arguments that were presented in the initial motion and which were rejected by this Court. Therefore, defendant George Blair's present motion to dismiss must be denied.

*Connie Blair*

■ Defendant Connie Blair did timely object to the selection of the grand jury and sought dismissal based on the defects in the grand jury selection. On April 24, 1998, this Court granted her motion to dismiss the indictment.

The government subsequently obtained a superseding indictment by a grand jury whose selection has not been challenged. Defendant Connie Blair contends, however, that because the first indictment was invalid, the superseding indictment is also invalid. This Court disagrees. The Court dismissed the original indictment without prejudice. In this Court's opinion, the fact that there was a "defect" in the original indictment, which was dismissed without prejudice, does not preclude the government from seeking and obtaining a superseding indictment.

Therefore, defendant Connie Blair's motion to dismiss must be denied.

For the reasons set forth above,

**IT IS ORDERED** that defendant George Blair's motion to dismiss is **DENIED,** and

**IT IS FURTHER ORDERED,** that defendant Connie Blair's motion to dismiss is **DENIED.**

---

1. Defendant was convicted on February 5, 1998. Defendant Connie Blair did not file her motion challenging the indictment until March 3, 1998.